## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**ROBERT TRENT DEBELLA,**

      **Plaintiff,**

      **v.**                              **CASE NO.  23-3255-JWL**

**TOPEKA FIRE DEPARTMENT,**
**et al.,**

      **Defendants.**

## MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff Robert Trent DeBella is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

### I.  Nature of the Matter before the Court

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983.  Plaintiff is in custody at the Jackson County Jail in Holton, Kansas.  The Court grants Plaintiff's motion for leave to proceed in forma pauperis (Doc. 2).

Plaintiff alleges that his neighbors and their acquaintances set fire to Plaintiff's truck on July 2, 2023.  (Doc. 1, at 2.)  Plaintiff alleges that he and his wife witnessed them throwing an explosive devise into Plaintiff's truck, causing an explosion.  *Id*. at 3.  Plaintiff alleges that the police and fire department arrived and put out the fire, and obtained the pack of cigarettes that one of the parties dropped while committing the arson.  *Id*.  Plaintiff alleges that he has everything on video tape and there were two eyewitnesses.  *Id*.

Plaintiff alleges that the Topeka Fire Marshals Office was supposed to investigate the arson but did not follow through.  *Id*. at 1.  Plaintiff claims that it has been six months since the

incident and the fire department keeps telling Plaintiff that they have "no comment."  *Id*. at 4.  Plaintiff alleges that this violates his constitutional rights.  *Id*.

Plaintiff claims "arson" in Counts I, II, and III,  of his Complaint.  *Id*. at 5–6.  Plaintiff names as defendants the Topeka Fire Department and the four individuals that he claims committed the arson—Jay Fish, Liz (lnu), Donny (lnu), and (fnu) King.   Plaintiff seeks compensatory damages.  *Id*. at 7–8.  Plaintiff also states that his boss/landlord is acting as his attorney.[1]  *Id*.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not

---

[1]  The Court notes that unless Plaintiff's boss/landlord is licensed to practice law, she is prohibited from representing him as his attorney.

raise a claim of entitlement to relief," dismissal is appropriate.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555 (citations omitted).  The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face."  *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals.  *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).  As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief."  *Kay*, 500 F.3d at 1218 (citation omitted).  Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'"  *Smith*, 561 F.3d at 1098 (citation omitted).  "Plausible" in

this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

### 1. Improper Defendants

Plaintiff names the Topeka Fire Department as a defendant. Plaintiff's claims against this defendant are subject to dismissal. Fire departments are a sub-unit of the city, and as a department of the City of Topeka, the Topeka Fire Department "is not a separate suable entity and, therefore, is not a 'person' subject to suit under § 1983." *Schultz v. City of Hobbs Fire Department*, 2022 WL 3701604, at *3 (D. N.M. 2022); *see also Turlington v. Connor*, 2021 WL 6051067, at *7 (N.D. Okla. 2021) (finding that "governmental sub-units [such as the sheriff's office, police department, or fire department,] are not separate suable entities" for purposes of § 1983 claims) (citing *Hinton v. Dennis*, 362 F. App'x 904, 907 (10th Cir. 2010)).

The remaining four defendants are the individuals that Plaintiff claims committed the arson. Plaintiff has not shown that any of these defendants were acting under color of state law as required under § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff seeks to hold private actors accountable under § 1983 for the incident and does not plead that the Defendants acted under color of state law. Because Plaintiff's complaint fails to sufficiently allege Defendants were acting under color of state law, this Court

lacks jurisdiction over these Defendants under § 1983.  *See Whitehead v. Marcantel*, 766 F. App'x 691, 700 (10th Cir. 2019) ("We conclude that the complaint failed to  provide sufficient factual matter to allege that Keefe was a state actor; therefore, the federal courts lack jurisdiction over this claim.").  Plaintiff's claims against these private citizens are subject to dismissal.

### 2. Arson

Plaintiff's Complaint provides that all three counts are based on arson.  Arson and aggravated arson are crimes in Kansas.  *See* K.S.A. § 21-5812.  There is no indication that Kansas courts have found these criminal statutes can be used as the basis for a civil action. *See Droge v. Rempel*, 180 P.3d 1094, 1097 (Kan. App. 2008) (" 'Kansas appellate courts generally will not infer a private cause of action where a statute provides criminal penalties but does not mention civil liability.' ") (quoting *Pullen v. West*, 92 P.3d 584, 597 (Kan. 2004)); *see also LeTourneau v. Venture Corp.*, Case No. 15-cv-2629-JAR, 2017 WL 2378331, at *6 (D. Kan. June 1, 2017) ("the Court is unwilling to infer a private cause of action for a statute with solely criminal penalties"); *cf. Sullivan v. Univ. of Kansas Hosp. Auth.*, 844 F. App'x 43, 51 (10th Cir. 2021) (unpublished) ("[T]he statutory provisions outlawing obstruction of justice do not provide a private cause of action.") (citation omitted).  Plaintiff's claims are based on a criminal statute that does not mention civil liability and is not enforceable through a civil lawsuit. Plaintiff should show good cause why his claims should not be dismissed.

## IV.  Response Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein.  Failure to respond by the deadline may result in dismissal of this matter without further notice.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motion for leave to

proceed in forma pauperis (Doc. 2) is **granted.** Plaintiff remains obligated to pay the remainder of the $350.00 filing fee. The agency having custody of Plaintiff shall forward payments from Plaintiff's account in installments calculated under 28 U.S.C. § 1915(b)(2). The Clerk is to transmit a copy of this order to Plaintiff, to the finance office at the institution where Plaintiff is currently confined, and to the Court's finance office.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **January 5, 2024,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

**Dated December 5, 2023, in Kansas City, Kansas.**

**S/  John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**