IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ROBERT TRENT DEBELLA,**

    **Plaintiff,**

    v.                                CASE NO. 23-3255-JWL

**TOPEKA FIRE DEPARTMENT,**
**et al.,**

    **Defendants.**

### MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. At the time of filing, Plaintiff was in custody at the Jackson County Jail in Holton, Kansas. The Court granted Plaintiff leave to proceed in forma pauperis. On December 5, 2023, the Court entered a Memorandum and Order to Show Cause (Doc. 4) ("MOSC") directing Plaintiff to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. This matter is before the Court on Plaintiff's response (Docs. 7, 8).

Plaintiff alleges that his neighbors and their acquaintances set fire to Plaintiff's truck on July 2, 2023. (Doc. 1, at 2.) Plaintiff alleges that he and his wife witnessed them throwing an explosive devise into Plaintiff's truck, causing an explosion. *Id*. at 3. Plaintiff alleges that the police and fire department arrived and put out the fire, and obtained the pack of cigarettes that one of the parties dropped while committing the arson. *Id*. Plaintiff alleges that he has everything on video tape and there were two eyewitnesses. *Id*.

Plaintiff alleges that the Topeka Fire Marshals Office was supposed to investigate the arson but did not follow through. *Id*. at 1. Plaintiff claims that it has been six months since the incident and the fire department keeps telling Plaintiff that they have "no comment." *Id*. at 4.

Plaintiff alleges that this violates his constitutional rights. *Id*.

Plaintiff claims "arson" in Counts I, II, and III, of his Complaint. *Id*. at 5–6. Plaintiff names as defendants the Topeka Fire Department and the four individuals that he claims committed the arson—Jay Fish, Liz (lnu), Donny (lnu), and (fnu) King. Plaintiff seeks compensatory damages. *Id*. at 7–8.

Plaintiff names the Topeka Fire Department as a defendant. The Court found in the MOSC that Plaintiff's claims against this defendant are subject to dismissal. Fire departments are a sub-unit of the city, and as a department of the City of Topeka, the Topeka Fire Department "is not a separate suable entity and, therefore, is not a 'person' subject to suit under § 1983." *Schultz v. City of Hobbs Fire Department*, 2022 WL 3701604, at *3 (D. N.M. 2022); *see also Turlington v. Connor*, 2021 WL 6051067, at *7 (N.D. Okla. 2021) (finding that "governmental sub-units [such as the sheriff's office, police department, or fire department,] are not separate suable entities" for purposes of § 1983 claims) (citing *Hinton v. Dennis*, 362 F. App'x 904, 907 (10th Cir. 2010)).

The remaining four defendants are the individuals that Plaintiff claims committed the arson. Plaintiff has not shown that any of these defendants were acting under color of state law as required under § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff seeks to hold private actors accountable under § 1983 for the incident and does not plead that the Defendants acted under color of state law. Because Plaintiff's complaint fails to sufficiently allege Defendants were acting under color of state law, this Court lacks jurisdiction over these Defendants under § 1983. *See Whitehead v. Marcantel*, 766 F.

App'x 691, 700 (10th Cir. 2019) ("We conclude that the complaint failed to provide sufficient factual matter to allege that Keefe was a state actor; therefore, the federal courts lack jurisdiction over this claim.").

Plaintiff's Complaint provides that all three counts are based on arson. Arson and aggravated arson are crimes in Kansas. *See* K.S.A. § 21-5812. There is no indication that Kansas courts have found these criminal statutes can be used as the basis for a civil action. *See Droge v. Rempel*, 180 P.3d 1094, 1097 (Kan. App. 2008) (" 'Kansas appellate courts generally will not infer a private cause of action where a statute provides criminal penalties but does not mention civil liability.' ") (quoting *Pullen v. West*, 92 P.3d 584, 597 (Kan. 2004)); *see also LeTourneau v. Venture Corp.*, Case No. 15-cv-2629-JAR, 2017 WL 2378331, at *6 (D. Kan. June 1, 2017) ("the Court is unwilling to infer a private cause of action for a statute with solely criminal penalties"); *cf. Sullivan v. Univ. of Kansas Hosp. Auth.*, 844 F. App'x 43, 51 (10th Cir. 2021) (unpublished) ("[T]he statutory provisions outlawing obstruction of justice do not provide a private cause of action.") (citation omitted). Plaintiff's claims are based on a criminal statute that does not mention civil liability and is not enforceable through a civil lawsuit. The Court directed Plaintiff to show good cause why his claims should not be dismissed.

In his response and supplement, Plaintiff continues to argue the merits of his case and sets forth his damages and expenses. *See* Docs. 7, 8. Plaintiff argues that the police and fire departments are not doing anything to investigate the situation. (Doc. 7, at 1–3.) Plaintiff states that "all [he] want[s] is [his] truck and tools back so [he] can go back to [his] life again." *Id*. at 4. Plaintiff also sets forth his damages and expenses. *Id*. at 2–4; Doc. 8.

Plaintiff has not shown good cause why his claims should not be dismissed for the reasons set forth in the MOSC. Plaintiff has failed to show the violation of a right secured by the Constitution and laws of the United States by a person acting under color of state law.

This Court cannot compel the police or fire department officials to conduct an investigation. This Court cannot order State courts to open or close cases. *See Presley v. Presley*, 102 F. App'x 636, 636–37 (10th Cir. 2004) (holding that any federal court order for "investigation or prosecution of various people for various crimes" would "improperly intrude upon the separation of powers").

The federal mandamus statute, 28 U.S.C. § 1361, grants the federal district courts "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. However, a suit seeking mandamus relief under this provision must name a federal officer or employee as a respondent. *See Rivers v. King*, 23 F. App'x 905, 908 n.4 (10th Cir. 2001) ("[T]his court has no jurisdiction to mandamus state officials because the statutory power to grant such writs is provided only against federal officials."); *see also Amisub (PSL), Inc. v. Colo. Dept. of Soc. Servs.*, 879 F.2d 789, 790 (10th Cir. 1989) ("No relief against state officials or state agencies is afforded by § 1361."); *see also Austin v. Dist. Attorney's Office of Northampton Cty.*, 2022 WL 1774129, at *3 (E.D. Pa. 2022) (finding "request for relief that would essentially reopen and redo his closed state criminal proceedings does not seek relief 'in aid of' the Court's jurisdiction") (citation omitted). Plaintiff has not provided any legal authority under which the Court could award the relief he seeks.

However, it appears that avenues for state-court relief still may remain available for Plaintiff. For example:

> Mandamus is "a proceeding to compel some inferior court, tribunal, board, or some corporation or person to perform a specified duty, which duty results from the office, trust, or official station of the party to whom the order is directed, or from operation of law." K.S.A. 60-801. A "writ of mandamus seeks to enjoin an individual or to enforce the personal obligation of the individual to whom it is addressed," and "rests upon the averred and assumed fact that the respondent is not performing or has neglected or refused to perform an act or duty, the performance of which the petitioner is owed as a clear right."

*Schwab v. Klapper*, 315 Kan. 150, 154 (2022) (quoting *State ex rel. Stephan v. O'Keefe*, 235 Kan. 1022, 1024 (1984)).  Kansas Supreme Court Rule 9.01 sets forth the procedure for initiating an original action in mandamus in the Kansas appellate courts.  This Court offers no opinion on the likelihood of success of such an action, and merely notes that there are state-court remedies available.

If Plaintiff seeks damages against his neighbors, who are not state actors, he would need to bring a civil action in state court. This Court is not obliged to exercise supplemental jurisdiction over any state law claims, even if valid, given that Plaintiff has failed to allege a federal claim. *See* 28 U.S.C. § 1367(c)(3); *Loggins v. Norwood*, 854 F. App'x 954, 957 (10th Cir. 2021) (unpublished) (affirming district court's decision declining to exercise supplemental jurisdiction over plaintiff's remaining state-law claims alleging slander and defamation).

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

Dated January 16, 2024, in Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE
